**SULAIMAN LAW GROUP, LTD.**
Mohammed O. Badwan (Pro Hac Vice Pending)
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8180
Facsimile: (630) 575-8188
mbadwan@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Nicole Schmidt,<br><br>    Plaintiff,<br><br>v.<br><br>A3 Smart Home, LP,<br><br>    Defendant. | Case No. |

## **CLASS ACTION COMPLAINT**

**NOW COMES** NICOLE SCHMIDT ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of A3 SMART HOME, LP, as follows:

## **NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.  "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with

1

unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Scottsdale, Arizona.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. A3 SMART HOME, LP ("Defendant") is a limited partnership that maintains its principal place of business in San Ramon, California. Defendant specializes in home security systems and sells home security systems to consumers and businesses nationwide, including businesses and consumers in Arizona.

8. Defendant conducts business in the State of Arizona and is registered with the Arizona Secretary of State.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. Plaintiff is an entrepreneur that owns and manages multiple businesses.

11. Plaintiff maintains and utilizes a voice over Internet Protocol ("VoIP") phone number ending in 2120 ("VoIP number") for her businesses.

12. Plaintiff is charged for services associated with her VoIP number. Moreover, all calls to the VoIP number are re-routed to Plaintiff's cellular phone number.

13. At no point in time did Plaintiff or her businesses utilize Defendant's services or otherwise have any form of relationship with Defendant.

14. In November 2020, Defendant began placing calls to Plaintiff's VoIP number.

15. Plaintiff did not answer Defendant's calls in November 2020 and the calls ceased.

16. In June 2021, Defendant began calling Plaintiff's VoIP number again.

17. Shortly after Defendant's calls began, Plaintiff answered a call from Defendant and discovered that Defendant was attempting to reach an existing customer of Defendant.

18. Plaintiff advised Defendant that she is not a customer of Defendant and that Defendant is calling a wrong number.

19. In response to Plaintiff's representation that Defendant was calling a wrong number, Defendant's ceased it calls to Plaintiff's VoIP number.

20. In August 2021, Defendant began calling Plaintiff's VoIP number yet again.

21. Upon answering some of Defendant's calls, Plaintiff was met with following prerecorded message: "Please press 0 to speak with an operator. Thank you and have a great day."

22. During other answered calls, Plaintiff would be met with prerecorded message alerts relating to Defendant's security services (e.g. low battery alert, etc.)

23. Frustrated with Defendant's misguided calls, Plaintiff answered one of Defendant's calls and attempted to talk to a live representative by pressing 0.

24. Despite pressing 0, Plaintiff was not transferred to a live representative. Plaintiff hung up and hoped that the calls would cease.

25. Plaintiff's prayers went unanswered and Defendant continued placing misguided automated calls ("robocalls") to Plaintiff's VoIP number.

26. In October 2021, Plaintiff answered another robocall from Defendant hoping to be able to speak to a live representative.

27. Plaintiff was unable to speak to a representative but was able to obtain the address for the specific property that was associated with Defendant's security services.

28. After obtaining the address for the property, Plaintiff searched Google in an effort to obtain a phone number associated with the property.

29. Plaintiff's search revealed that the property is a Shell gas station.

30. Plaintiff called the Shell gas station and was able to secure a phone number belonging to Defendant in which Plaintiff would be able to speak to a live representative.

31. Plaintiff called Defendant's phone number and spoke to a representative who identified herself as Chloe.

32. Plaintiff explained to Chloe that she has been receiving incessant misguided calls from Defendant and that Defendant was calling a wrong number.

33. In response, Chloe advised Plaintiff that she would notate the number as a wrong number and that the calls would cease in very short order

34. Despite Chloe's assurances that the calls would cease, Defendant continued to place misguided robocalls to Plaintiff's VoIP number.

35. On October 15, October 16, and October 17, 2021, Plaintiff answered Defendant's calls and renewed her requests that the calls cease to no avail.

36. Specifically, on October 17, 2021, Defendant placed no less than forty (40) robocalls to Plaintiff's VoIP number.

37. In total, Defendant placed no less than two-hundred (200) robocalls to Plaintiff's VoIP number without her consent.

38. Defendant placed the robocalls from the number (800) 669-7779.

39. Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, charges for usage of her VoIP number, aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

40. Moreover, each time Defendant placed a robocall to Plaintiff's VoIP number, Defendant occupied Plaintiff's VoIP number and cellular phone number such that Plaintiff

was unable to receive other phone calls or otherwise utilize her numbers while her phone was ringing, which in turn disrupted Plaintiff's ability to efficiently run her business.

41. Due to Defendant's refusal to comply with Plaintiff's requests that the misguided robocalls cease, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its invasive robocalls.

## **CLASS ALLEGATIONS**

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant or a third party acting on Defendant's behalf, placed or caused to be placed, a call, (b) directed to a number assigned to an individual that is not a customer of Defendant; (c) in which the individual is charged for the service associated with the number, (d) using an artificial or prerecorded voice, (e) without his/her consent; (f) within the four years preceding the date of this Complaint through the date of class certification. .

44. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives,

successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

45. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

46. Upon information and belief, Defendant made phone calls to hundreds of individuals who fall into the definition of the Putative Class.

47. Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

### B. Commonality and Predominance

48. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

49. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

50. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

51. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

52. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

54. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

55. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

56. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and members of the Putative Class)**

57. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than two-hundred (200) non-emergency robocalls to Plaintiff's VoIP number utilizing an artificial or prerecorded voice without Plaintiff's consent.

59. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

60. Upon information and belief, Defendant does not maintain an effective process to flag wrong numbers and ensure that the calls to the wrong numbers cease.

61. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, request the following relief:

    a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b. a judgment in her favor finding that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    c. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

    d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    f. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | |
|---|---|
| Dated: October 25, 2021 | Respectfully submitted,<br><br>**NICOLE SCHMIDT**<br><br>By: <u>*/s/ Mohammed O. Badwan*</u><br>Mohammed O. Badwan, Esq.<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>(630) 575-8180<br>mbadwan@sulaimanlaw.com<br>*Counsel for Plaintiff* |